UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ROBERT JAGER,

          Plaintiffs,

v.

D. KAREN RUSSELL, et als,

          Defendants.

Civil Action No. 07-2255 (PGS)

**MEMORANDUM AND ORDER**

The matter is before the Court on a motion to dismiss by the Hon. Karen Russell, J.S.C. and Hon. Reginald Stanton, A.L.S.C. (retired) pursuant to Fed. R. Civ. P. 12(b)(6).

This dispute arises out of a civil action instituted in 1996 by the Plaintiff, and assigned to Judge Russell. More specifically, the Plaintiff alleges that on April 25, 1996, Judge Russell filed an Order recusing herself from that case because she believed that she was biased against Mr. Jager because he had threatened to kill her. Subsequently, Plaintiff filed another Complaint in the Superior Court of New Jersey, Law Division, Sussex County on April 25, 2002, alleging that his reputation in the court system had been damaged by Judge Russell because she discussed the threat with other judges who were assigned to other matters in which Mr. Jager was a party.

In the 2002 litigation, her attorney moved to dismiss the law suit asserting judicial immunity. On February 16, 2003, prior to Judge Stanton's retirement, Judge Stanton issued an Order granting a Motion to Dismiss Plaintiff's Complaint with prejudice. In Judge Stanton's "Statement of Reasons For Dismissal of the Case," he found Judge Russell absolutely immune from liability because her statement was made in the course of a judicial proceeding.

Plaintiff filed several motions to reinstate the case, all of which were denied.

Obtaining no relief in the Superior Court of New Jersey, Plaintiff filed the instant Complaint on May 10, 2007 based upon diversity of citizenship. 28 U.S.C. § 1332. In addition to the allegations against Judge Russell, Plaintiff adds a cause of action against Judge Stanton for conspiring with Judge Russell to damage his reputation.

## Discussion

Plaintiff's Complaint must be dismissed as he fails to state a claim upon which relief can be granted. In evaluating a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the non-moving party. *See generally, Bell Atl. Twombly*, 550 U.S. 544 *(2007); Papasan v. Allain*, 478 U.S. 265, 283 (1986); *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Defendants argue that the suit must be dismissed upon Eleventh Amendment Immunity, Judicial Immunity and other defenses[1].

## Eleventh Amendment Immunity

It is well-recognized that state agencies and state officials acting in their official capacity cannot be sued in federal court under the Eleventh Amendment. In this case, the defendants, Judges of the Superior Court of New Jersey were clearly acting in their official capacity. Clearly Judge Russell recused herself as is the practice in such situations. Similarly, Judge Stanton decided a motion dismissing the law suit in the ordinary course of his duties. *Hafer v. Melo*, 502 U.S. 21, 30-

---

[1] Although the Defendants did not raise same, the Court finds that it should abstain because it is not an appellate court, and the adoption of Plaintiff's position would serve to undermine the decision of the State Court. The proper venue for Mr. Jager's greivances is the New Jersey Appellate Court. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-93 (2005); *Ct. of App. v. Feldman*, 460 U.S. 462, 464 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

31 (1991). It is well-established that Judges of the Superior Court of New Jersey are entitled to Eleventh Amendment immunity from suit in federal court. *See Onyiuke v. New Jersey State Supreme Court*, 435 F. Supp. 2d 394, 401 (D.N.J. 2006), aff'd in part and vacated in part, 242 Fed. App'x 794, 795 (3d Cir. June 19, 2007).

### Judicial Immunity

It has long been held that members of the judiciary are entitled to absolute immunity from suits based upon the performance of their judicial functions. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Bradley v. Fisher*, 80 U.S. 335, 347 (1872). Judicial immunity was established in order to permit judges to render decisions "with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotation marks and citation omitted), overruled on other grounds by *Harlow v. Fitzgerald* 457 U.S. 800, 819 (1982). As previously stated, Judges Russell and Stanton were acting within the scope of their judicial duties. As such, they are cloaked with judicial immunity.

### Adjournment Request

At oral argument, the Court granted Mr. Jager's request for a two week adjournment in order that he may have an opportunity to retain counsel. On November 26, 2006, Mr. Jager requested a further delay because he was suffering from the side effects of some medications. The Court denies this request. In doing so, the *Poulis* factors were considered. *Poulis v. State Farm Firm and Cas. Co.*, 747 F. 2d 863, 868 (3d Cir. 1994). More specifically, the case was filed some time ago, and Mr. Jager has had months to retain counsel but did not do so. As such, Mr. Jager has been dilatory in obtaining counsel. In addition, Mr. Jager has filed a series of baseless claims over the past sixteen years, and as the others, this case is also meritless. See *Jager v. Carlson*, 07-cv-479 (PGS). Finally,

any alternative remedy, short of dismissal, would be futile because this case could not survive under any circumstances.

Based on the foregoing facts and law.

IT IS on this 8th day of December, 2008

ORDERED that defendants' motion to dismiss is granted and the case is dismissed with prejudice.

*[signature]*
PETER G. SHERIDAN, U.S.D.J.

December 8, 2008