UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT JAGER, | : | |
| Plaintiffs, | : | Civil Action No. 07-2255 (PGS) |
| v. | : | **MEMORANDUM AND ORDER** |
| D. KAREN RUSSELL, et als, | : | |
| Defendants. | : | |

I am in receipt of Mr. Jager's letter dated January 5, 2009 seeking reconsideration of my prior opinion. Mr. Jager sets forth a number of issues to support his theory. Each issue is briefly addressed below.

I.

First, Mr. Jager indicates that I did not understand his cause of action. It was not a defamation case as I interpreted it to be; but it is a suit against Judge Russell to compel her to disclose the identity of the individual who advised her that Mr. Jager allegedly threatened to kill her; and that Judge Russell "committed fraud in supplying a false tape that was dated a week before the actual trial started." In addition, Mr. Jager sued Judge Stanton for obstructing justice, as opposed to defamation, by denying him a hearing against Judge Russell to obtain the aforementioned disclosure. In response, this is not what the papers indicate. Jager's remedy was to appeal his

state case to the Appellate Division of the Superior Court of New Jersey, if Judge Stanton was incorrect. The federal court is not an appellate authority over state court actions. See, *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). As a result, Jager should have appealed rather than filing a federal law suit.

Secondly, Mr. Jager argues that it was inappropriate to compare this matter with the *Carlson* cases which were dismissed as meritless. With regard to same, my point was to demonstrate that like this case, there are other cases which disallow multiple suits on a single transaction; but mentioning *Carlson* cases was not the reason for denying this matter.

Thirdly, Mr. Jager argues that he must retain an attorney to represent him due to his medication levels and his emotional involvement in the matter. These remarks of Mr. Jager are quite different than what he told me at the hearing. At the hearing on November 12, 2008, retaining an attorney was Mr. Jager's first goal. At that time, he explained that he had not hired an attorney because he had insufficient money; but he recently obtained some funds, and would use them to retain an attorney. I allowed 30 days to find an attorney – the time elapsed without any action. Lastly, Mr. Jager's retention of an attorney will have no substantive recourse in this case. The matter should have proceeded in State court, there is no federal jurisdiction here.

II.

Motions for reconsideration are governed by Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(I), and are an extraordinary remedy sparingly granted by district courts. *A.K. Stamping Co., Inc., v. Instrument Specialties Co., Inc.*, 106 F. Supp. 2d 627, 662 (D.N.J. 2000). Fed. R. Civ. P. 59 (e) states that "[a] motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." Expounding upon that rule, L. Civ. R. 7.1(I) states, "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion . . . ." Further, as the local rule explains, "[a] brief setting forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked shall be filed with the Notice of Motion." These Rules "[do] not contemplate a Court looking to matters which were not originally presented." *Damiano v. Sony Music Entertainment, Inc.*, 975 F. Supp. 623, 634 (D.N.J. 1996) (quoting *Florham Park Chevron, Inc., v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988)).

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotincki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). "Reconsideration motions, however, may not be used to relitigate old

matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *NL Indus., Inc.*, 935 F. Supp. at 516; *See* Wright, Miller & Kane, Fed. Practice and Procedure: Civil 2d § 2810.1.

"A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the Court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting *Carteret Savings Bank. F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989), *appeal dismissed*, 919 F.2d 225 (3rd Cir. 1992)). Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *See, North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986); and only when "dispositive factual matters or controlling decisions of law" were brought to the Court's attention but not considered. *Pelham v. United States*, 661 F. Supp. 1063, 1065 (D.N.J. 1987).

There is nothing in the papers submitted by Jager that meets this standard.

Based on the foregoing facts and law,

IT IS on this 17th day of February, 2009

ORDERED that the motion for reconsideration is denied.

_____
PETER G. SHERIDAN, U.S.D.J.

February 19, 2009